**REGAN v. KING, Registrar of Voters.**
**No. 22178–S.**

District Court, N. D. California, S. D.

July 2, 1942.

Webb, Webb & Olds, of San Francisco, Cal., for plaintiff.

John J. O'Toole, City Atty., and Walter A. Dold, Asst. City Atty., both of San Francisco, Cal., for defendant.

Charles R. Garry and Harold M. Sawyer, both of San Francisco, Cal., for National Lawyers Guild, amicus curiae.

Wayne M. Collins, of San Francisco, Cal., for American Civil Liberties League, amicus curiae.

ST. SURE, District Judge.

Plaintiff, a citizen of the United States and of the State of California, a registered voter of San Francisco, sues the Registrar of Voters of the City and County of San Francisco, alleging that more than "2600 Japanese of the full blood born in the United States and the State of California, of alien parents born in the Empire of Japan," are erroneously registered to vote in San Francisco. He further alleges that his rights and privileges as an elector, secured to him by law, are impaired by permitting ineligible persons [Japanese] to exercise the rights and privileges of electors of the State of California. He prays that the Registrar be directed to strike the names of all Japanese from the register of voters on the ground that they are enemy aliens, citizens of Japan, and therefore ineligible to citizenship and the right to vote.

Defendant Registrar answers that Japanese born here are citizens of the United States and as such are entitled to be registered as voters, and asks to be dismissed with his costs.

█ This case is exceptional because the sole question it presents to this court is one which has been definitely decided by the United States Supreme Court: Is a person of the Japanese race, born within the United States, a citizen? The question has been answered in the affirmative in United States v. Wong Kim Ark, 169 U. S. 649, 18 S.Ct. 456, 42 L.Ed. 890; Morri-

son v. California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664; and Perkins v. Elg, 307 U. S. 325, 59 S.Ct. 884, 83 L.Ed. 1320.

█ Counsel for plaintiff frankly stated that he was asking this court to overrule the leading case of United States v. Wong Kim Ark, supra, because he believed the decision was erroneous. Since the decision was rendered it has been twice cited with approval by the Supreme Court in Morrison v. California, supra, and in Perkins v. Elg, supra. In the Morrison case Justice Cardozo, speaking for the Court, said [291 U.S. 82, 54 S.Ct. 283, 78 L.Ed. 664]: "A person of the Japanese race is a citizen of the United States if he was born within the United States." In the Perkins case, Chief Justice Hughes delivering the opinion, it was held that a child born here of alien parentage becomes a citizen of the United States.

It is unnecessary to discuss the arguments of counsel. In my opinion the law is settled by the decisions of the Supreme Court just alluded to, and the action will be dismissed, with costs to the defendant.